16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Virgil Robert UPLINGER, Appellant,
v.
Carl WHITE, Appellee.
 No. 93-2262.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 7, 1993.
Filed: February 10, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Virgil Robert Uplinger, a Missouri inmate, appeals the district court's[1] order dismissing his petition for writ of habeas corpus under 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 In 1989, Uplinger pleaded guilty to two counts of selling marijuana; the state court imposed concurrent fifteen-year sentences. He unsuccessfully sought state post-conviction relief. In 1992, he sought federal habeas relief, essentially claiming that his plea was not knowing and voluntary and that his counsel was ineffective. In his petition, as amended, Uplinger alleged specifically that he "was coerced into accepting the plea bargain by the state after a meeting with [counsel] the morning of the trial"; his counsel prepared but did not file motions in his case, including a motion for psychiatric evaluation; he "was not in the proper mental state to be making decisions" about plea bargains, and his counsel knew this but did nothing to help him; and his counsel originally informed him that, under the "deal," he would receive a ten-year sentence, but when Uplinger entered his guilty plea (on the day trial had been scheduled to begin), the sentence recommendation was fifteen years. The State asserted that Uplinger had procedurally defaulted on all but the last claim, which failed on the merits.
 
 
 3
 The district court denied relief, holding that Uplinger's testimony at the guilty plea hearing refuted the allegations in his petition; that Uplinger did not substantiate his claim of mental impairment; and that counsel's decision not to pursue a diminished-capacity defense did not support habeas relief.
 
 
 4
 In this timely appeal, Uplinger argues that the court erred in not granting relief based upon ineffective assistance of counsel. Uplinger argues that his counsel did not file pre-trial motions to suppress evidence and did not file a prepared motion for psychiatric evaluation at a time when Uplinger's mental state kept him from knowingly and voluntarily pleading guilty. The State argues that these claims are not reviewable.
 
 
 5
 We generally do not reach the merits of procedurally defaulted claims unless a habeas petitioner shows cause and prejudice or a fundamental miscarriage of justice. See Sawyer v. Whitley, 112 S. Ct. 2514, 2518 (1992). Uplinger did argue in his petition that counsel did not file "motions," but Uplinger specifies for the first time on appeal that his counsel failed to file a suppression motion, and he never presented this issue to the state courts. Uplinger did raise the failure to move for a psychiatric examination in his appeal from the denial of his state post-conviction motion, but he did not raise the issue in the motion itself. Uplinger's failure to advance these claims at each step of the judicial process creates a procedural bar to federal habeas corpus review. See Stokes v. Armontrout, 851 F.2d 1085, 1092 (8th Cir. 1988), cert. denied, 488 U.S. 1019 (1989). Furthermore, Uplinger has not shown any external cause not attributable to him for failing to raise the claims in state court. See Coleman v. Thompson, 111 S. Ct. 2546, 2566 (1991). Finally, Uplinger does not claim actual innocence resulting in a fundamental miscarriage of justice. See Sawyer, 112 S. Ct. at 2518-19.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri